# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4069 | **DATE** | July 10, 2013 |
| **CASE TITLE** | Calvin Lindsey (#2013-0205079) v. Garry McCarthy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $11.00 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff may proceed with his complaint against Chicago Police Superintendent Garry McCarthy. The clerk shall issue summons for service on this Defendant. Once an attorney enters an appearance for McCarthy, Plaintiff must forward the attorney discovery requests to learn the identities of the John Doe Defendants. Plaintiff's failure to do so in accordance with this order will result in the dismissal of unserved Doe Defendants.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Calvin Lindsey, a pretrial detainee at the Cook County Jail, has submitted this 42 U.S.C. § 1983 civil rights action against Chicago Police Superintendent Garry McCarthy and several Chicago police officers referred to John Does. Allegedly, on April 28, 2012, seventeen police officers searched Plaintiff's apartment building without a warrant, pushed him to the ground during the search, and arrested him for illegal use of a firearm that was neither his nor found in his apartment. He states that charges were dismissed six months later, at which time he was released from incarceration. His current incarceration appears to be for a different offense.

The court grants Plaintiff's IFP motion and assesses an initial partial filing fee of $11.00. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this payment obligation, and jail personnel shall notify transferee authorities of any remaining amount owed if Plaintiff is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff has stated colorable claims of false arrest and an illegal search against the John Doe officers. *Fleming v. Livingston County, Ill.*, 674 F.3d 874, 878 (7th Cir. 2012). Although Plaintiff states no claim against Superintendent Garry McCarthy, the complaint may proceed against him at this time. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (a plaintiff may refer to defendants whose names are unknown as John or Jane Does and seek to learn their identities through a supervisory official).

## STATEMENT

The clerk shall issue summons for service of the complaint on Chicago Police Superintendent Garry McCarthy. The United States Marshals Service is appointed this Defendant. If the Marshal needs Plaintiff to complete forms to serve McCarthy or other Defendants, the Marshal shall send Plaintiff forms. Plaintiff's failure to return forms to the Marshal will result in the dismissal of Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former employee no longer at the work address provided by plaintiff, Chicago police officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Summonses cannot issue for the Doe Defendants until their identities are known. Once an attorney enters an appearance for McCarthy, Plaintiff may forward discovery (written questions) seeking the identities of the officers. Plaintiff's failure to conduct discovery within 90 days of the date an attorney for Clark enters an appearance may result in the dismissal of unserved officers. Plaintiff is further advised that there is a two-year limitations period for § 1983 in Illinois and that failure to identify Defendants during the limitations period may also result in the dismissal of claims against them. *See Gonzalez v. Entress*, 133 F.3d 551, 552 (7th Cir. 1998).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.