**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CALVIN LINDSEY,

        Plaintiff,

    v.

VINCE MACIAS, et al.,

        Defendants.

Nos. 13 CV 4069

Judge Manish S. Shah

**COURT'S PROPOSED JURY INSTRUCTIONS**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Agreed Instruction No. 1

Seventh Circuit Pattern Civil Jury Instructions 1.01

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

[Only if applicable]

Agreed Instruction No. 2

Seventh Circuit Pattern Civil Jury Instructions 1.02

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

[To be adapted as applicable]

Plaintiff's Instruction No. 1

Seventh Circuit Pattern Civil Jury Instructions 1.04

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed Instruction No. 3

Seventh Circuit Pattern Civil Jury Instructions 1.06

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed Instruction No. 4

Seventh Circuit Pattern Civil Jury Instructions 1.07

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed Instruction No. 5

Seventh Circuit Pattern Civil Jury Instructions 1.08

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

[Only if applicable]

Agreed Instruction No. 6

Seventh Circuit Pattern Civil Jury Instructions 1.09

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed Instruction No. 7

Seventh Circuit Pattern Civil Jury Instructions 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Instruction No. 8

Seventh Circuit Pattern Civil Jury Instructions 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Agreed Instruction No. 9

Seventh Circuit Pattern Civil Jury Instructions 1.13

11

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

[Only if applicable]

Agreed Instruction No. 10

Seventh Circuit Pattern Civil Jury Instructions 1.14

12

You have heard evidence that Plaintiff had been convicted of felonies in 2013 and 2008. You may consider this evidence only in deciding whether Plaintiff's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

[Only if applicable]

Defendants' Instruction No. 3

Seventh Circuit Pattern Civil Jury Instructions 1.15

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Instruction No. 11

Seventh Circuit Pattern Civil Jury Instructions 1.16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Agreed Instruction No. 12

Seventh Circuit Pattern Civil Jury Instructions 1.17

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Agreed Instruction No. 13

Seventh Circuit Pattern Civil Jury Instructions 1.18

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

[Only if applicable]

Agreed Instruction No. 14

Seventh Circuit Pattern Civil Jury Instructions 1.24

You must give separate consideration to each claim and each party in this case. Although there are four individual defendants, it does not follow that if one is liable, the other is also liable.

Agreed Instruction No. 16

Seventh Circuit Pattern Civil Jury Instructions 1.25

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Instruction No. 15

Seventh Circuit Pattern Civil Jury Instructions 1.27

In this case, Plaintiff has asserted three claims. Each of these claims must be considered by you separately.

First, that Defendants falsely arrested Plaintiff.

Second, that Defendants used excessive force against Plaintiff.

Third, that Defendants maliciously prosecuted Plaintiff on the criminal charge of Aggravated Unlawful Use of a Weapon by a Felon.

Defendants deny all of these claims.

Defendants' Instruction No. 1 (modified by court)

Plaintiff must prove by a preponderance of the evidence that each defendant police officer was personally involved in the conduct that Plaintiff complains about. You may not hold a defendant liable for what other police officers did or did not do.

Agreed Instruction No. 17 (modified by court)

Seventh Circuit Pattern Civil Jury Instructions 7.02 (modified)

To succeed on his claim for false arrest, Plaintiff must prove the following by a preponderance of the evidence:

Defendant did not have probable cause to arrest Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence as to a Defendant, then you should find for Plaintiff as to that Defendant under consideration, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove this by a preponderance of the evidence as to a Defendant, then you should find for that Defendant under consideration, and you will not consider the question of damages.

Defendants' Instruction No. 4 (modified by court)

Seventh Circuit Pattern Civil Jury Instructions 7.05 (modified)

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what Defendant knew and what reasonably trustworthy information Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The facts that Plaintiff's Motion to Quash was granted and that charges were dropped do not by themselves mean that there was no probable cause at the time of his arrest.

Defendants' Instruction No. 5 (modified by court)

Seventh Circuit Pattern Civil Jury Instructions 7.06

To succeed on this claim for excessive force, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant used unreasonable force against Plaintiff;

2. Because of Defendant's unreasonable force, Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a Defendant, then you should find for Plaintiff as to that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence as to a Defendant, then you should find for that Defendant under consideration, and you will not consider the question of damages.

Agreed Instruction No. 24 (modified by court)

Seventh Circuit Pattern Civil Jury Instructions 7.08

You must decide whether a Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the Defendant you are considering faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether a Defendant's use of force was unreasonable, you must not consider whether that Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Plaintiff's Instruction No. 7 (modified by court)

Seventh Circuit Pattern Civil Jury Instructions 7.09

To succeed on his claim for Malicious Prosecution, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendant commenced, or caused the commencement of, or continued a criminal prosecution against Plaintiff;

2. The criminal proceeding was terminated in Plaintiff's favor in a manner indicative of his innocence;

3. There was no probable cause for the criminal proceeding;

4. Defendant acted with malice in commencing, causing the commencement, or continuing the criminal proceeding; and

5. Plaintiff suffered damages as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to a particular Defendant, then you should find for Plaintiff and against that Defendant, and go on to consider the question of damages.

If you find that Plaintiff did not prove these things by a preponderance of the evidence as to a Defendant, then you should find against Plaintiff as to that Defendant, and you will not consider the question of damages.

Proposed by court

*Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 346 (1st Dist. 2000); *Swick v. Liautaud*, 169 Ill.2d 504, 512–14 (1996).

26

In Illinois, criminal proceedings may be commenced by the filing of a criminal complaint, an indictment, or an information. Liability for Malicious Prosecution extends to all Defendants who played a significant role in causing the prosecution of the Plaintiff. It is not limited to the person who made the charging decision or the person who signed the complaint.

Proposed by court

*Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 348-349 (1st Dist. 2000); *Frye v. O'Neill*, 166 Ill. App. 3d 963, 975 (4th Dist. 1988).

27

You must determine whether the criminal matter against Plaintiff was terminated in a manner indicative of innocence based on all the facts and circumstances present. A criminal charge against an individual is terminated in a manner indicative of innocence if the circumstances surrounding abandonment of the criminal proceedings create an inference that there was a lack of reasonable grounds to pursue the criminal prosecution.

Proposed by court.

*Swick v. Liautaud*, 169 Ill.2d 504, 512–14 (1996) ("[A] malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused.") ("The burden of proof of a favorable termination, however, remains with the plaintiff. Only when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof. The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution.") (citations omitted).

*Ferguson v. City of Chicago*, 213 Ill.2d 94, 102 (2004) ("[T]he bare fact that a case has been nol-prossed is not sufficient to establish that the case was terminated favorably for the plaintiff. Rather, the plaintiff must show that the prosecutor abandoned the case for reasons indicative of the plaintiff's innocence.") (citing *Swick*, 169 Ill.2d at 513).

28

A person commits the offense of unlawful possession of a weapon by a felon when he, having been previously convicted of a felony, knowingly possesses a firearm.

Proposed by court

720 ILCS 5/24-1.1(a)

Illinois Criminal Pattern Jury Instructions 18.07

A person possesses an object if he has the ability and intention to exercise direction or control over the object, either directly or through others. A person may possess an object even if he is not in physical contact with it and even if he does not own it.

More than one person may possess an object. If two or more persons share possession, that is called "joint" possession. If only one person possesses the object, that is called "sole" possession. The term "possess" in these instructions includes both joint and sole possession.

Proposed by court

Seventh Circuit Pattern Criminal Jury Instructions 4.13

"Malice" is the intent, without justification or excuse, to commit a wrongful act. In order to find malice, you must find that the criminal proceeding against Plaintiff was commenced or continued by a Defendant for the purpose of injuring Plaintiff, or for some purpose other than to prove Plaintiff committed a criminal offense.

A police officer commences or continues a criminal proceeding with malice if the officer commences or continues the criminal proceeding with an improper motive, or a reason other than to bring the person against whom the criminal proceeding is commenced to justice. Malice may be inferred from the absence of probable cause if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been proved.

Proposed by court

*Salem v. Kamberos,* 206 Ill. App. 3d 686, 691 (1st Dist. 1990).

The Defendants are being sued as individuals. Neither the City of Chicago nor the Chicago Police Department is a party to this lawsuit, though the Defendants were acting as Chicago Police Officers and under color of state law during all relevant times.

Agreed Instruction No. 25

Seventh Circuit Pattern Civil Jury Instructions 7.01.

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Agreed Instruction No. 23

Seventh Circuit Pattern Civil Jury Instructions 7.22

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of a Defendant's wrongful conduct. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The earning capacity that Plaintiff lost due to his incarceration.

2. The physical and mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

[If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).]

Plaintiff's Instruction No. 11 (modified by court)

Seventh Circuit Pattern Civil Jury Instructions 7.23 (modified)

34

If you find for Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against that Defendant. The purposes of punitive damages are to punish a Defendant for his or her conduct and to serve as an example or warning to that Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that a particular Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- [Defendant's financial condition;]

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Defendants' Instruction No. 14 (modified by court)

Seventh Circuit Pattern Civil Jury Instructions 7.24 (modified)

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Agreed Instruction No. 18

Seventh Circuit Pattern Civil Jury Instructions 1.32

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as cell phone, text messaging, instant messaging, Facebook, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Proposed by court

Seventh Circuit Pattern Civil Jury Instructions 1.33 (modified); Seventh Circuit Pattern Criminal Jury Instructions 7.01 (modified)

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Instruction No. 20

Seventh Circuit Pattern Civil Jury Instructions 1.34